IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CEDRIC DEWAYNE McNEAL #02317254, § § | | |
| PLAINTIFF, | § § | |
| V. | § § | A-23-CV-502-DII |
| TEXAS BOARD OF PARDONS AND PAROLES BOARD ADMINISTRATION, DEFENDANT. | § § § § | |

# ORDER

Before the Court are Plaintiff Cedric Dewayne McNeal's complaint (ECF #1), more definite statement (ECF #7), and correspondence (ECF #8). Plaintiff paid the full filing fee for this case. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Plaintiff was confined in the Bill Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff contends the Texas Board of Pardons of Paroles Board Administration (the "Board) reviewed false charges when he was reviewed for parole. Plaintiff explains there is no evidence to support his holding convictions. Therefore, he concludes the charges are false and the Board erroneously considered these false charges. He also alleges his previous term of probation was wrongfully revoked.

Plaintiff also alleges the Board "is in violation of not meeting the proper time frame of reviewing and answering [his] parole status." Plaintiff asserts he was reviewed for parole on November 22, 2022. In a previously filed complaint, Plaintiff asserted the Board denied him parole

on December 8, 2022, and set his next parole review for 2024. *See McNeal v. Tex. Bd. of Pardons & Paroles*, No. 1:23-CV-00084-LY (W.D. Tex.).

Plaintiff sues the Board. He requests the Court to dismiss his charges and order "garnishments and rewards" for the wrongful acts.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement on or before June 2, 2023. The Court subsequently extended the time to file a more definite statement until July 5, 2023. On June 26, 2023, the Court received Plaintiff's signed more definite statement in which he did not answer any of the Court's questions. His more definite statement was accompanied by correspondence asking to be heard immediately. He reiterates that the Board reviewed false charges when he was reviewed for parole in November.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.     Eleventh Amendment Immunity

The Board is immune from suit under the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

C.     Absolute Immunity

To the extent Plaintiff is attempting to seek monetary damages against the individuals, who reviewed him for parole, those individuals are protected by absolute immunity. *See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). They are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. *Id.*

D.     Due Process

Plaintiff also fails to establish a violation of his constitutional rights. "The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citations omitted). Because Texas prisoners have no constitutionally protected liberty interest in parole, "they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Id.* (citations omitted). Allegations that the Board considers unreliable or even false information in making parole determinations, without more, simply does not assert a federal constitutional violation. *Id.* "[I]n the absence of a

cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." *Id.* at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Moreover, the false information Plaintiff contends the Board considered when he was reviewed for parole are the facts of his underlying convictions. Because of this, Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

E.	Habeas Corpus

Finally, to the extent Plaintiff seeks the dismissal of his holding convictions he must pursue relief in a petition for writ of habeas corpus. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375 (2003).

Moreover, venue is improper in this Court for Plaintiff's claims seeking habeas corpus relief. Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. *See* 28 U.S.C. § 2241(d). Petitioner's convictions are out of Potter and Randall Counties, which are within the geographical boundaries of the Northern District of Texas. Petitioner is confined in the Gib Lewis Unit, which is within the geographical boundaries of the Eastern District of Texas.

CONCLUSION

The Court lacks jurisdiction over Plaintiff's claims against the Board because Plaintiff's claims are barred by the Eleventh Amendment. To the extent Plaintiff is attempting to sue the individuals, who reviewed his parole, those individuals are protected by absolute immunity. Plaintiff has no claim for violation of due process in the procedures attendant to his parole decisions. To the extent he seeks monetary damages for his alleged unlawful convictions his claims are also barred by *Heck*. Finally, to the extent Plaintiff seeks to overturn his holding convictions, his claims must be raised in a habeas corpus petition and filed in a court with proper venue.

It is therefore **ORDERED** that Plaintiff's civil-rights claims against the Texas Board of Pardons and Paroles Board Administration are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's civil-rights claims are alternatively **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A.

Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this court without first obtaining the permission from a District Judge of this court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is further warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be

granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that Plaintiff's claims seeking to overturn his holding convictions or for an immediate release are **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of habeas corpus in a court with proper venue.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's judgment to the keeper of the three-strikes list.

**SIGNED** on June 29, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE